**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WILLIAMS ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-4117** |
| **BUSH ET AL.** | **SECTION "L" (1)** |

## ORDER & REASONS

Before the Court is Defendant's Motion for Partial Summary Judgment. R. Doc. 62. Plaintiffs respond in opposition. R. Doc. 64. Having considered the parties' briefs and the applicable law, the Court issues this Order & Reasons.

### I.    BACKGROUND

This case arises from conflicts between members of a business partnership. Plaintiffs are two partners, Ryan Williams and Drake Oilfield, Inc., of the limited partnership Drake Oilfield USA, LP. R. Doc. 1-1 at 3. Defendants are WBT, LLC, the other member of Drake Oilfield USA, LP, and individual members of WBT, LLC, Jason Bush, Lance Baldassaro, and Blair Lucas. R. Doc. 1-1 at 3. Plaintiffs allege that WBT, LLC, and its members, is the manager of Drake Oilfield USA, LP. R. Doc. 1-1 at 4. This suit was originally filed in Texas but was transferred to this Court. R. Doc. 15.

Plaintiffs claim that Defendants have breached the Drake Oilfield USA, LP partnership agreement by failing to provide reliable financial information, combining financial records with those of other entities, failing to participate in required mediation, diminishing the value of Plaintiffs' shares, transferring partnership property to other entities, appropriating partnership property, and conspiring to conceal financial information. R. Doc. 1-1 at 3-7. Plaintiffs ask for

1

relief in the form of an order requiring financial accounting of the partnership, disgorgement and return of partnership property, actual damages, exemplary damages, costs of the lawsuit, attorney's fees, and interest. R. Doc. 1-1 at 7-8.

Defendants Jason Bush, Blair Lucas, and Lance Baldassaro respond to the complaint denying Plaintiffs' allegations and citing thirty-seven (37) defenses including: failure to state a claim, lack of standing, failure to join indispensable party, prescription, preemption, and/or bar under statute of limitations or laches, estoppel, unclean hands, and failure to mitigate. R. Docs. 24, 25, 26. Further, Defendants Bush, Lucas, and Baldassaro claim that they are not a party to the Drake Oilfield USA Limited Partnership Agreement and does not owe any obligations under the agreement. R. Doc. 24 at 10; R. Doc. 25 at 10; R. Doc 26 at 10. Defendant WBT, LLC also responds to the complaint denying the allegations and citing thirty-seven (37) defenses. R. Doc. 27.

Defendant RSI Global, Inc. answers Plaintiffs' complaint denying the allegations and citing thirty-seven (37) defenses. R. Doc. 28. In addition, RSI Global, Inc. brings a third-party complaint against Drake Oilfield USA, Limited Partnership ("Drake Oilfield USA, LP"). R. Doc. 28 at 11. RSI Global alleges that Drake Oilfield USA, LP obtained a revolving line of credit from Chase Bank under the name of RSI Global. R. Doc. 28 at 12. RSI Global further alleges that Drake Oilfield USA, LP incurred debts in the name of RSI Global totaling $550,000. R. Doc. 28 at 13. RSI Global alleges to have provided credit to Drake Oilfield USA, LP and claims that because Plaintiff Drake Oilfield, Inc. did not authorize this credit, Drake Oilfield USA, LP must restore the credit to RSI Global. R. Doc. 28 at 13. RSI Global also alleges that Drake Oilfield USA, LP was unjustly enriched by this extension of credit. R. Doc. 28 at 14.

## II.     PRESENT MOTION

Defendants move for summary judgment arguing that Plaintiffs cannot meet their burden of proof because they have failed to produce any expert reports or designate any expert witness. R. Doc. 62 at 4. Defendants argue that it is past the deadline for expert reports, already extended twice. R. Doc. 62 at 3. Defendants argue that Plaintiffs are required to have an expert witness to prove causation and damages and will not be able to do so at trial. R. Doc. 62 at 6.

Plaintiffs respond in opposition arguing that property and business owners can provide evidence of the value of their businesses and assets. R. Doc. 64 at 1. Plaintiffs argue that ownership alone qualifies them to testify about the value of their business and expert testimony is not required. R. Doc. 64 at 3. Therefore, Plaintiffs argue that Defendants' motion should be denied. R. Doc. 64.

## III.     LAW & ANALYSIS

The present issue involves Federal Rules of Evidence 701 and 702. Rule 701 states that

[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:

(a) rationally based on the witness's perception;

(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. Rule 702 then provides that an expert witness must be qualified as an expert. *See* Fed. R. Evid. 702. In addition to meeting the requirements found in Rule 702, any such witness must meet the disclosure requirements found in Federal Rule of Civil Procedure 26(a)(2) to testify as an expert witness.

Here, Plaintiffs witnesses to damages may be qualified to testify under Rule 701 by virtue

of their ownership. However, they have not been qualified under Rule 702 to testify regarding any opinion "based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701. Rule 701 does not allow a party to testify to causation that is based on scientific or technical opinion. However, it is unclear at this point whether there are other issues of fact in dispute, some of which may go to causation, which may give rise to the necessity to try the case. For this reason, summary judgment is not appropriate at this time.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' motion for partial summary judgment, R. Doc. 62, is hereby **DENIED**.

New Orleans, Louisiana, this 13th day of June, 2018.

UNITED STATES DISTRICT JUDGE